UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY WESLEY,

        Petitioner,

                                        CASE NO. 2:08-CV-12872
v.                                  HONORABLE STEPHEN J. MURPHY III

BARRY DAVIS,

        Respondent.
                                        /

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

       Petitioner, an inmate at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his second-degree murder conviction which was imposed following a jury trial in the Wayne County Circuit Court in 2001. Petitioner was sentenced to 12 to 20 years imprisonment in 2002. In his pleadings, Petitioner raises claims concerning the denial of a severance motion and the admission of a co-defendant's statements, and the effectiveness of appellate counsel.

       For the reasons set forth herein, the Court dismisses the petition for writ of habeas corpus for failure to comply with the one-year statute of limitations applicable to federal habeas actions. The Court also denies a certificate of appealability and denies Petitioner leave to proceed *in forma pauperis* on appeal.

1

## II.     Procedural History

On December 19, 2001, Petitioner was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court. On January 15, 2002, he was sentenced to 12 to 20 years imprisonment. Following sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising prosecutorial misconduct and jury instruction claims. The court affirmed his conviction. *See People v. Wesley*, No. 243626, 2004 WL 787144 (Mich. Ct. App. April 13, 2004) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied. *See People v. Wesley*, 471 Mich. 886, 688 N.W.2d 506 (Sept. 28, 2004).

On September 5, 2006, Petitioner filed a motion for relief from judgment in the state trial court raising his present habeas claims, which was denied. *See* Petitioner's Affidavit. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was also denied. *See People v. Wesley*, No. 279093 (Mich. Ct. App. Oct. 23, 2007) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was again denied. *See People v. Wesley*, 481 Mich. 876, 748 N.W.2d 808 (May 27, 2008).

Petitioner signed his federal habeas petition on June 14, 2008. That petition and his "Motion for Equitable Tolling to Allow Petitioner's Pro se Petition for Writ of Habeas Corpus to Proceed Timely" were filed by the Court on July 7, 2008. The Court subsequently denied Petitioner's motion for equitable tolling and ordered him to show cause why the petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a timely

reply, entitled "Motion to Show Cause," in response to the Court's show cause order. The matter is ready for decision.

## III.     Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's conviction became final after the AEDPA's April 24, 1996 effective

date.  The Michigan Supreme Court denied leave to appeal on September 28, 2004. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  See Rule 13(1), Supreme Court Rules.  With regard to the statute of limitations, therefore, his conviction became final on December 27, 2004.  See *Lawrence v. Florida*, 549 U.S. 327, ___, 127 S. Ct. 1079, 1083-84 (2007) (noting that the time for seeking direct review of a state court conviction includes the time for seeking a writ of certiorari with the United States Supreme Court).  Accordingly, Petitioner was required to file his habeas petition on or before December 27, 2005, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until September 5, 2006.  Thus, the AEDPA's one-year limitations period had expired well before Petitioner sought state post-conviction or collateral review of his conviction.  But this period does not begin to run anew after the completion of state post-conviction proceedings.  *See Hargrove v. Brigano*, 300 F. 3d 717, 718 n.1 (6th Cir. 2002).  As a result, a state court post-conviction motion that is filed following the expiration of the limitations period– as was petitioner's– "cannot toll that period because there is no period remaining to be tolled."  *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove*, 300 F. 3d at 718 n.1.

Petitioner does not allege that the State created an impediment to the filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights that have been made retroactive.  His habeas petition is thus barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 651-52 (6th Cir. 2002). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (assuming but not deciding that equitable tolling applies to federal habeas actions); *see also Jurado*, 337 F.3d at 642; *Griffin*, 308 F.3d at 653. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).

Petitioner asserts that he is entitled to equitable tolling because he has a learning disability, a limited education, and limited legal knowledge such that he must rely on the assistance of other prisoners who are often transferred or otherwise unavailable to help him. However, the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer or legal assistance, or may have been unaware of the

5

statute of limitations for a period of time does not warrant equitable tolling. *See, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling). While the Court does not dispute Petitioner's claim that he has limited abilities and resources, such is the case for many prisoners subject to the AEDPA's limitations period and other procedural requirements. Petitioner has failed to demonstrate that his circumstances prevented him from proceeding on his claims in a timely fashion.

The next *Andrews* factor in determining whether equitable tolling is appropriate is a petitioner's diligence in pursuing his or her rights. Wesley's conduct in this regard is reviewed above. While his pursuit of his rights may have not been intentionally dilatory, neither has it been particularly diligent given his delay of nearly two years in filing for state post-conviction relief.

Lastly, the Court notes that the absence of prejudice to the respondent is a factor to be considered "only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified. Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period under *Dunlap, supra.*

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 602(6th Cir. 2005). As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding must "demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a

6

reasonable doubt." *Id.* A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Id.* at 590 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner has made no such showing; instead his claims are all predicated on alleged procedural errors by the state courts or by his attorneys. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## IV. Conclusion

The Court concludes that Petitioner has failed to file his petition for writ of habeas corpus within the time permitted by 28 U.S.C. § 2244(d). The Court further concludes that Petitioner has not demonstrated that he is entitled to statutory or equitable tolling of the one-year limitations period. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529

U.S. 473, 484-85 (2000).  When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id.*

For the reasons stated *supra*, the Court concludes that jurists of reason would not find the Court's procedural ruling that the habeas petition is untimely and cannot be saved by the doctrine of statutory or equitable tolling debatable.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous.  *See* Fed. R. App. P. 24(a).  This case is closed.

    **IT IS SO ORDERED**.


    s/Stephen J. Murphy, III
    Stephen J. Murphy, III
    United States District Judge

Dated:  October 30, 2008


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2008, by electronic and/or ordinary mail.

    s/Alissa Greer
    Case Manager